UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNESTINE GRIGSBY, DEMETRIUS BUYCKS AND DORINDA BUYCKS<br>Plaintiff(s),<br><br>vs.<br><br>VIKING COLLECTION SERVICE, INC.<br>Defendant | Case Number<br><br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiffs, Ernestine Grigsby, Demetrius Buycks, and Dorinda Buycks by and through her undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Ernestine Grigsby, Demetrius Buycks, and Dorinda Buycks are adult natural persons, and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Defendant transacts business in the State of New Jersey and has a primary office located in this district.

### III. PARTIES

4. Plaintiffs, Ernestine Grigsby, is an adult natural person residing at 48 Mario Dr. Trotwood OH 45426. Demetrius Buycks, son of Plaintiff Ernestine Grigsby, is an adult natural person residing at 4261 Rundell Drive, Clayton OH 45415. Dorinda Buycks, the wife of Plaintiff Demetrius Buycks, is an adult natural person residing at 4261 Rundell Drive, Clayton OH 45415.

5. Defendant, Viking Collection Service Inc. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of Ohio and the State of New Jersey with its principal place of business located at 140 Sylvan Ave, Englewood Cliffs, NJ 07632.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On January 5th 2009, Defendant, Viking Collection Service, Inc., began a series of harassing and abusive calls to Plaintiff, Ernestine Grigsby. Defendant informed Ernestine Grigsby that they were attempting to collect a debt allegedly owed by Ernestine Grigsby and Demetrius Buycks. Further, Defendant's agent told Ernestine Grigsby that if she did not pay off this debt she would be "in violation and could be arrested".

8. Since Defendant's initial call on January 5th 2009, Defendant then began daily harassing calls to Dorinda Buycks. Dorinda Buycks stated that this was not her debt and she knew nothing about it. Dorinda Buycks asked Defendant to please stop calling.

9. Plaintiff's wife, Dorinda Buycks, has received calls every day from Defendant's agents, including but not limited to, "Troy Lions", "Cynthia Cashmen", and "Melissa Hayden". During these telephone communications, Defendant's agents demanded that Plaintiffs pay this alleged debt owed by Ernestine Grigsby and Demetrius Buycks.

10. Defendant's agents proceeded to call Dorinda Buycks at her job, speaking to her supervisor about the alleged debt owed by Ernestine Grigsby and Demetrius Buycks, stating that if the debt was not paid the Plaintiff, Ernestine Grigsby, would be "in violation and could be arrested".

11. During one of Defendant's daily harassing phone calls to Dorinda Buycks, Defendant stated if this alleged debt was not paid they were going to put a lien on her house.

12. Demetrius Buycks then called Defendant asking for a fax number for a cease and desist letter. Defendant refused to give any information and Mr. Buycks was unable to send a cease and desist letter.

13. Plaintiff, Ernestine Grigsby, then received another call from Defendant, which her 14 year old son happened to answer. Defendant then stated to the 14 year old

boy that if his mother Plaintiff Ernestine Grigsby did not pay the alleged debt owed by that night she would then be "in violation and would be arrested" in the morning.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 - FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of §§ 1692 b(1), b(2), b(3), c(a)(1), c(a)(3), d, d(5), e, e(2), e(4), e(5), e(7), e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Viking Collection Agency Inc, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act.

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit;

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: February 5, 2009    BY:    /s/Brent Vullings
Brent Vuliings, Esq.
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff